NATHAN, Judge,
dissenting:
This is an appeal by plaintiffs from an adverse summary final judgment entered in favor of Dade County, discharging the county from liability. While snorkeling in the water adjacent to Rickenbacker Causeway, plaintiff was struck and injured by a boat operated by an individual who is not a party to this action. Plaintiff brought suit against Metropolitan Dade County and the *535 city of Miami, alleging that either the city, the county, or both were negligent in maintaining and caring for a beach area in that they failed to patrol it properly, to delineate the appropriate swimming area, to post warnings or restrictions for boaters in the area, and to take adequate precautions, knowing that the area was dangerous because both swimming and boating took place there.
Although the location in which the accident occurred was not a “designated” beach or swimming area,[1] the record reflects that employees of the county and the city patrolled there, and knew the area was used by both boaters and swimmers. After discovery, the county moved for summary judgment, asserting, inter alia, (1) that, as a matter of law, Dade County should not be deemed negligent since it had violated no duty to plaintiff, and (2) that even if a duty were to be established, the doctrine of sovereign immunity precluded suit.
In regard to the county’s assertion that it owed no duty to plaintiff as a matter of law, resolution of a dispute by way of summary judgment applies only when there are no issues of material fact in dispute, and therefore the moving party is entitled to a judgment as a matter of law. In the case at bar, there are contested facts presented regarding the governmental entity responsible for the premises, the nature and degree of the responsibility involved, and the applicability of sovereign immunity. Thus there remain mixed questions of law and fact still unresolved, and summary judgment is an inappropriate method of precluding further pursuit of plaintiff’s cause.
The majority holds that no duty existed to supervise swimming in an area not designated as a public swimming area. This does not preclude the existence of a lesser duty in this location, for example the duty to inform the public that swimming would be an individual risk, or to post signs barring boats within a reasonable distance from shore. Whether or not such a duty exists may depend on other issues not yet resolved.
It may well be that appellant cannot recover under the facts and the law applicable to this case. But to bar the pursuit of a remedy in a situation in which the line between law and fact is itself blurred is an inadequate solution. I would reverse and remand for further consideration of the facts and the law.

. The record is unclear as to an accepted definition of a “designated” beach, but it appears that the reference is to areas in which lifeguard protection and numbered parking areas are provided by the county.